of America. Thank you all for your patience through what I know it's been a long morning, we appreciate you. It's Kazai. Kazai, thank you. I want to make sure. No, I appreciate that. I'm sorry to have mispronounced it. I've been mispronouncing it for two years.  And is it Griver or Griver? It's Griver. Griver.        Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you. Thank you. In two recent decisions, Pena and Ayad, this court provided guidance on when a district court should provide a full de novo hearing as part of a 2255 resentencing. Under this guidance, if a sentencing court cannot safely say, legally or factually, that the sentencing is strictly ministerial or merely an empty formality, then the resentencing should be plenary in nature. In this case, Mr. Kazzai's resentencing mattered. It was not strictly ministerial, it was not an empty formality, and the district court abused its discretion in failing to hold a de novo resentencing. Now, these cases, until Pena and Kazzai, we really made no distinction between habeas and direct sentencing. We indeed, in an older case, said that there was no distinction. All of a sudden, in these two cases, we say it's light years different because the language of habeas is different from the language of er. And that gives the district court power. How far should the district courts go when it is habeas is really the issue before us. You say that they can only go where it is ministerial because in fact, that's what those- That's correct. Another way of saying is that the district court has particular discretion. And if we look at the facts of Pena, we see the court worrying, our court worrying, about the fact that there were thousands of habeas cases coming up after Davis, with all sorts of other things, because of which it might not make sense to have individual in face sentencing. Wouldn't that be an appropriate question for saying whether the district court abused its discretion? That is to say, habeas gives more room. It doesn't give room to give everything. The notion that by and large we should be in face sentencing remains, but there may be some circumstances where that isn't so. And therefore, we should remand to see whether those circumstances apply here or whether they don't. Because the district court, of course, didn't consider it was troubled. You can remand it on that basis, but I think when you look at Pena and Ayad, and you look at this case, and you look at the precedent of this court, then there is an answer and there's additional guidance that can be provided through the decision of this court on this case. And let me tell you what I'm talking about, and I'll try and give you a unified theory on what happened. And Judge, you're absolutely correct that this is something that was new. But Pena is an example of where resentencing would be strictly ministerial as a matter of law. In Pena, after the collateral attack, eight concurrent life sentences were reduced to five mandatory life sentences. Therefore, as a matter of law, any resentencing would have been purely ministerial, as the court noted in its decision, and therefore, there was no need to have a full resentencing. Because at the end of the day, there would be no change ultimately. Ayad, on the other hand, is an example where it's strictly ministerial as a matter of fact. Mr. Ayad was given 117 years because he was an engineer who put together the 1993 truck bomb under the World Trade Center that killed six people, wounded thousands, and caused millions of dollars of damages. So he was sentenced to 117 years. After his collateral attack and the removal of one count, his sentence would have been reduced to 87 years. However, Ayad was 53 years old. And the court noted that as a factual matter, the court would have had to impose concurrent sentences of 27 years or less on seven separate counts, concurrent, in order for there to be a substantive difference. In this case, there's no legal or factual impediment that would make Kazi's resentencing an empty formality. Well, I'm sorry, go ahead. I'm sorry, well, one of the things I'm struggling with, we know it wouldn't be an empty formality because it happened. Yes, exactly. And so one of the things I'm trying to figure out is whether your argument is whether there are two distinct concepts here. One is, is somebody entitled to plenary resentencing? And the second being, are they entitled to an in-person hearing in connection with that resentencing? And if those are two distinct arguments, isn't your argument really about whether they're entitled to a hearing in connection with that resentencing? Or is what happened not what we would consider to be a resentencing? Put another way, isn't the simplest resolution of this case that the district court did do a resentencing? He just violated all the rules about what happens when you're doing a resentencing. The judge didn't say, we just spiked that count. And I think it would be an interesting and different case to try to argue that you're sort of entitled or presumptively entitled to a real resentencing in this circumstance. And that the district court doesn't have sort of habeas discretion to just say, no, the way I think this should go is we just cancel the count that was bad. For whatever set of reasons I think that's appropriate, and that's enough. So the district court didn't, we have to reach that question because here the district court didn't do that. The district court imposed a completely different sentence. Only a little reduction, but it's not something that bears any relationship to what follows from striking this count. The district court made a judgment that your client was entitled to a slightly better sentence than the one that he was previously bearing, and not to a greater reduction. But that seems to me to be clearly a resentencing, and the federal rules tell you what has to happen at a resentencing, and it didn't happen here. No, there's a lot that didn't happen here that should have happened here on a resentencing, and you are correct. This was a resentencing. This wasn't a correction. 2255 allows you to do either one of those things. Augustin, a case cited in Pena, a part of the Sixth Circuit, identified and talked about the differences. And one of the things Augustin said was, when you do a resentencing, the defendant should be there. And that occurs with a lot of precedent going back hundreds of years. In my papers, I talked about the stone chamber, but we don't have to go that far, okay? What happened is, there should have been a full plenary resentencing. Mr. Kazi should have been there, Kazai should have been there. There should have been a lot that could have happened. There could have been argument by counsel. But there is language in Pena that suggests that when you're in habeas, things are totally different. And what I want to know, I know that Pena's facts mean that that's just dicta. What I want to know is, is there some limit under habeas so that generally when there is a resentencing under habeas, it has to be done under traditional ways with the defendant there? Or has Pena gone far enough to say that that's not needed, which is what the government is saying? And is there somewhere in between which says, yes, usually so. But in some cases, because of a massive habeas, not necessarily. That's what I'm worrying. The government is taking a position that under habeas, nothing is needed. Right, and that is actually contrary. The government's position is contrary to Pena. What Pena said was this, and this is on the last page of the decision. As noted in our discussion of Augustin above, a district court's discretion to conduct a de novo resentencing has, excuse me, discretion to not conduct a de novo resentencing has limits. And they held that in that case, there was no abuse of discretion, but they did not have to define in Pena the specific circumstances upon which a district court does abuse its discretion. Right? I want to go back to my question, though, because I think you could have a case where we have to decide what's the, what's the principle that frames the discretion as to whether or not to resentence? I think- But I'm wondering whether, there was a resentence here. So do we have to even determine whether he was entitled to be resentenced, or is the question whether, given the district court's decision to resentence, we don't have to decide whether he had to, but the district court did or didn't comply with the requirements for resentencing? You can do both ways, and in our paper we explain why. The district court abuses discretion in a number of ways. One of those was by conducting a resentencing without the presence of Mr. Kazai, and without conducting a full plenary hearing. Yes, another might be that he relied upon Judge Gleeson's assessment of Kazai's demeanor at the time of the original sentencing. Exactly, and that's the second- Which is exactly the explanation of why you want the person there. Right, exactly, that's the second mistake that he did, was you're supposed to sentence someone based on how he stands before the court on the day of sentencing. That's contrary in a bunch of cases. In this case, what the judge found significant was what Judge Gleeson found over a decade before, and what Judge Gleeson saw. That's why the findings by Judge Block, and the discussion of those findings by the government in its brief, solely talk about what Judge Gleeson saw and what Judge Gleeson thought. Which leads actually to the third problem, and that is the court failed to explain its reasoning. Somehow it found, he found, Judge Block found significant both the evidence of rehabilitation, and what Judge Gleeson saw about Mr. Kazai not being rehabilitated ten years before. He called them both significant, and we have no idea what it was that he was thinking. And in this situation, the cases of this court such as Rose's say, look, you have to provide enough of an explanation where we can understand it, and the defendant can understand it, and the people who read this decision can understand it. And I respectfully suggest that the four paragraphs of Judge Block's determination do not provide us with sufficient information in this specific case. Finally, I talk in my papers about how the court applied certain factors incorrectly, such as rehabilitation, protecting the public, a specific deterrence by relying on Judge Gleeson. Instead of Mr. Kazai, as he stood before the court that day, actually didn't stand in front of the court, should have been standing in front of the court. And that there's unwarranted sentencing disparities, but both I and the government go into a lot of those. I'm talking about just the reasonableness of what was done. And that's why I put it at the end of my litany, Your Honor. Okay, well, maybe right at the end. Are there any questions? Don't go there. Stay with what you've got. Thank you very much. Okay, so Mr. Pollack, the question before the House is, isn't it the case that Judge Block did something that can only be characterized as a resentencing? Well, good afternoon, and may it please the Court. I am Robert Pollack, and I represent the United States, and also represented the United States for most of the time in the district court. What Judge Block did was alter the sentence. He did it, it was certainly not ministerial, we're in agreement on that. He had available to him a statute that gives him the discretion to decide what the remedy will be. As this court recognized- But the remedy, there's nothing about the constitutional determination that was made in Davis that tells the judge you can reduce the sentence by a couple of years if you think that maybe he's a little bit rehabilitated. Right, sir. I mean, it's one thing to say, you have the ability to look at this and say, look, this sentence is what it is, it was what it was, and we're just going to strike the part that was unconstitutional, and I'm done here. I don't need to look any further. That would be one kind of thing. Or to say even, if there was a consecutive sentence, chop it out. It's gone, the sentence is now altered, it's modified because that's the necessary consequence of the habeas judgment. But none of that is what the district court did, and that's why I'm having trouble seeing what the district court did as anything other than making a new judgment globally about what the appropriate sentence was. I think it's very helpful to analyze, as Your Honor just did, to separate the sentence on count one from the sentence on count four. Judge Gleeson, back when he was following trial and sentencing, he imposed the statutory maximum, which was lower for counts two and three, so we can kind of set that aside. And he imposed a sentence of 27 years on count one, which is a conspiracy to commit murder overseas, and a concurrent 27-year sentence on the firearm count, which is count four. Based on that, and one can read the, I think in his papers, defense counsel suggests that maybe there's some mystery about what Judge Gleeson would have done if count four weren't there. But I think it's clear, just from reading the sentencing transcripts, and also really just the description of the facts here, this is not a gun case. This isn't somebody caught in the subway with a gun. This is somebody who conspired to go overseas and join Al-Qaeda. All of the conduct that underlies count four adheres in the conduct of count one. I'm with you 100%. And if the judge had said, I don't need to do anything here except eliminate this one unconstitutional sentence for one thing that is no longer a crime, I don't know that Mr. Greifer would have any kind of argument. But he didn't do that. He didn't have you characterize this other than as a judgment about what is the appropriate sentence now. He didn't just say, Judge Gleeson did this. He clearly meant to do this. The fact that you've now gotten this constitutional gift to take away the gun count, the gun count didn't have any impact on the sentence. Done and done. We're going home. But he didn't do that. Instead, he imposed a new sentence. That's right. And Your Honor's characterization sort of gets at an issue which is also hinted, I mentioned in the papers, this was hinted in the Tellyer case that Judge Nathan decided, there was actually two cases, decided when she was in the district court. There's a colorable argument that when a judge vacates one count, in this case count four under section 2255, the statute may not give him jurisdiction, may not give him the discretion to revisit at all the sentence imposed on another count unless the sentence imposed on those counts are factually or otherwise intertwined. But the government didn't appeal. We're not making that argument. We didn't appeal. So the question of whether Judge Block had the authority under the statute to revisit count one, the sentence imposed on count one, isn't before the court. The question is only whether his decision to do that triggered an obligation that he otherwise would not have had. Tell me why it doesn't. Why doesn't it? If it is a loose sentencing, why shouldn't a loose sentencing meet the requirements of sentencing? Now, it may be that a loose sentencing under habeas isn't as absolute as the law was before, although I don't know about that. But at the very least, we have to have an explanation as to why this resentencing would not require him to be there when in a resentencing normally, in a sentencing normally, the defendant is required to be there. The rule – so first of all, the requirement that the defendant be there, the 2255 expressly addresses that. The greater discretion, which this court in Pena acknowledged. There is greater discretion, but that greater discretion is not an absolute discretion. Pena was talking about where it was ministerial, and then it said in dicta it may be that there's more discretion. That's just dicta, because there it was ministerial. But even in its dicta, it said there are limits. So we never were told why this was one of those cases where a hearing and the person being there shouldn't be there. So at the very least, we should ask the judge why and was this an area where there was discretion not to have a hearing. But in the normal case, we would say there should be a hearing unless there are very special reasons like the massive habeas that distinguish habeas from other things. I would agree with the court that it is possible to abuse the discretion under Section 2255. Courts can't just always do this on the paper. The default rule, as this court has called it, which applies following vacator on appeal and remand, originated in this court. It's actually not shared by every circuit. It originated in this court as a way of honoring what has been called the spirit of the mandate. The concern is that trial judges will get a mandate that some count has been convicted, and they'll only do the bare minimum adjustment and violate the spirit of the mandate. So the default rule in this circuit on remand is that there be a de novo resentencing. You open the box and start over again. Section 2255, as this court recognized in Pena, is entirely different from that. There is no— Mr. Pollack, it's usually the government, in my experience, that is coming back and asking for de novo resentencing. The most common example of this kind of thing in the context of Davis-type 924C cases is a judge looks at a fellow and says, well, I've got to give you this five-year mandatory consecutive sentence, and so I'm only going to give you three years on the drug case where I would normally have given seven if it weren't for this mandatory sentence. So it's three plus five. You get eight. Goodbye and good luck. Then it turns out that the 924C count was invalid, and the government comes and says, you don't just strike that and let him get the benefit of a three-year sentence. The judge obviously intertwined these sentences, and you should do a resentencing. You agree that that's the most common scenario? I absolutely agree. And when the government asks for that, I'm not aware of the government ever saying that— You make that argument on the papers to the judge, and the judge can just say, oh, you're right. So I'm going to resentence the fellow to eight years or whatever the original sentence was, because that's what the judge thought was the appropriate global sentence. Isn't it always the case that you go back and have a de novo resentencing in front of the judge? It is ordinarily the case that you go back and have a de novo resentencing before the judge, although the statute gives the judge discretion to decide what the remedy should be. Oh, the judge could say, I grant you, the judge could say, all I need to do is fix the error. Goodbye, 924C count. The sentence is reduced to the original three years on what's left. Oh, he's already served that? Goodbye and leave the prison. And the government would object. The government may. That's the wrong thing to do. Of course, that's not this case. It may be that under that, under those facts, there would be an argument that makes clear how the different counts are intricately defined. But somehow, somehow you are arguing that because this is habeas, nothing is due. You know, essentially, because this is habeas and because the language of habeas gives more room, everything we have said before doesn't matter anymore, which is a peculiar argument, especially in a case where you get the judge looking down, then saying, talking about what was done 10 years before, and everything else. That seems a very odd argument. Well, Your Honor, respectfully, under this Court's decisions in Cassier and Pena, in this case, literally nothing was due. And, in fact, the defendant got more than nothing. He won his motion. He got a two-year reduction. Both those cases were cases in which it was ministerial, you know? And this one clearly was not. So defense counsel made an important distinction between ministerial as a matter of law and ministerial in fact. Iod was a case where, in the district court decision, Judge Kaplan, it's clear he's evaluating whether or not to have a de novo proceeding. And he says, in all likelihood, the judge had the discretion, at least he seems to be assuming he has the discretion under 2255, to do a not ministerial resentencing. There wasn't a lifetime mandatory minimum. The judge could have reconvened everyone, done a de novo resentencing, and imposed a non-ministerial change. And, instead, he says, in all likelihood, that would be purely academic. He looks at the facts of the case, as well as the nature of the infirmity of the count that was stricken, and decided not to do a de novo proceeding. My point is that, in a case like this one, where we have concurrent consecutives of 27 years on two counts, they are not factually intertwined. There's not a good argument that they could be factually intertwined. It is clearly the law under Cassier that the district judge could have just denied the motion under the multiple complaint. Why does it follow that if the judge could have just denied the motion, that the judge can, instead, do a sort of coin flip and say, I'm deciding whether to give you five years less or three years less, heads, three years less. Why would anything like that be within, he could have done nothing at all, so he has no rights to any kind of due process. He has no right to have all of the things that the federal rules of criminal procedure say have to happen at a sentencing, because that's not a sentencing when the judge is saying, I'm determining what is fair. I'm deciding what's the right sentence. I happen to do it weirdly. But, you know, the greater doesn't always include the lesser. Your Honor, this goes to Your Honor's point about the peculiarity of our roles here, that I'm the one arguing that it should be easier for the court to reduce the sentence. I think probably most defendants would favor that view rather than make it harder. No, but I don't see why it should be asymmetrical. If the judge determines that, for whatever reason, I think it's better to reassess what the sentence is, why does that decision not implicate the rules of federal criminal procedure for sentencing? Because the judge has decided to do a sentencing, not just to do something that follows from the nature of the relief inherently as a matter of habeas, which maybe the judge has no obligation whatever to reconsider anything. But once the judge goes into deciding what is the appropriate sentence, why does he get to do it in a way that is, at least arguably, according to Mr. Greiber, sort of irrational? Why does he get to say, yeah, I think he's sort of rehabilitated. I haven't seen him. And when the judge saw him 12 years ago, he said he wasn't rehabilitated. And so I'm going to give that a lot of weight, what Judge Gleeson thought about his demeanor. But I'm not going to try and see whether he's changed other than by looking at pieces of paper. How does that make any sense? Well, although it's not directly implicated in this case because it's a 2255, part of the backdrop is that judges now do routinely reduce sentences under the First Step Act on paper without having to know vote. Yeah, but those are specific. Again, there are specific rules for doing that that govern that these are different things. There are First Step Act reductions. There are changes in guidelines reductions. There are all kinds of things that are specifically said not to be resentencings. And I'm having trouble understanding why what happened here is not a resentencing. It's as simple as that. And I don't, you know, there may be great constitutional issues that might come up under various circumstances. I just don't see why the judge didn't violate the federal rules of criminal procedure by deciding to resentence someone to a different sentence that bears no relation inherently to the nature of the habeas relief without doing a proper resentencing. Is there an answer to that? Your Honor, I think that what the judge did was he reduced the sentence. He ruled in favor of the defendant, which the government did not appeal. Yeah, but when something is done which needn't be done but then is to be done under certain procedures, shouldn't those procedures apply? When a judge finds that because of certain extraordinary circumstances, relief in a sentence should be granted, we say that that judge must do it under looking at the 3553 things. It would not be proper for that judge to say, yes, there is this, and now I'm going to reduce that without looking at 3553. We always say you have to look at it. This is not the same, but it is the same sort of thing of saying something needn't be done, but when it is done, here are the procedures. Judge Block, in the decision below, in a way that is entirely parallel to what he and many, many other judges routinely do under the First Step Acts, does say I'm comparing 3553 factors. This is how I'm doing it. I acknowledge he does not go into great depth about that, but a modest reduction of a sentence on paper is a thing that has become quite routine. It is still novel that it's done in this context in the 2255 rather than under a motion to reduce sentence. So can I take you back to a different issue, which is I don't share the assumption that the court could have done nothing. So let's assume for a second that the court had stricken the conviction on count four and then said I'm done. Pena tells us there's nothing that says as a matter of law that the court has to conduct any sort of resentencing. But it also acknowledges that there are bounds to the court's discretion to decline to do so. And it does so in the context of kind of a backdrop in which there was an assumption of a resentencing. We know that it's not an abuse of that discretion to decline to resentence when it would be an empty formality, whether it's for actual legal reasons or for sort of practical, factual reasons. Neither of those apply here, right? The fact that he did reduce his sentence sort of reinforces that there was no legal bar to a lower sentence. And there was no practical ineffectualness to a resentence. What, in your view, is the standard that we ought to understand to govern that discretionary decision? What are the considerations or the goal that we're trying to put? Well, the district court, I think we see in all these district court decisions, judges engaging with the question of whether the infirm count that should be vacated or that may be vacated is factually or legally intertwined with the others. There's some reason why the loss of that count really affects some of the language from the context of direct appeal cases is whether that vacates or results in a change of the constellation of facts that are the backdrop to the sentencing. Right. In this case, I think it's quite clear that there is no such change. But that would be the question, if we were to remand, for example, that would be the question you would put to the district court is, exercise your discretion to decide whether there is a factual or legal interconnectedness between the count of conviction and the remaining counts. In the government's response below, the government, in fact, asked the court to do exactly that. The government asked the court to simply vacate count four. And because that, and they made the argument on paper that that count is not inextricably intertwined, doesn't affect the guidelines calculation at all. Okay, so I was going to ask is how that's defined. Judge Nathan's got a decision that says, well, it's defined as a district court judge, that it's defined by whether or not it actually affects the guidelines calculation. That's right, yeah. What about this sort of argument from the Quintier case? The sort of broader notion that, well, even apart from the guidelines and the 3553 assessment, that's a very holistic assessment, and it's all kind of in the mix. And, yeah, a court sentence on this count may well be affected by the presence or absence of a sentence on that count. How do we, how can a court assess that? Well, that question of whether the vacated count affects the overall gestalt of the facts of sentencing, that is a question that this court in the context of direct remand took away from the district court. It just says you can't consider that when you get a count vacated on appeal in the remand. In order to respect the spirit of the remand, you have to start from scratch. When there's a sentencing correction, the decision goes back to the district court to decide whether the correction changes the not of the calculation, to use this court's language. A similar thing, I think, does, just as a matter of fact, as a matter of practice, a similar analysis happens in the 2255 context in the district court, except without the imposition of the circuit saying you must start from scratch because we're sending down the remand order. In order to respect the mandate, you have to start over again. So district judges have the discretion. They certainly act with the discretion, and I argue that under 2255 they have the discretion properly to decide in the first instance for themselves whether factually or legally the loss of one count affects the overall constellation of facts that are relevant to sentencing. So the language about, well, in this case it would be purely ministerial, that doesn't set the frame. That goes way beyond where the frame is for framing the discretion. That says we don't have to decide what the frame is because here it's so far out of the frame, if that question makes sense. If I understand the correction, I think that's right. I think the question of strict ministerialness is one that is one justification for not holding a de novo proceeding. Why shouldn't we start with the assumption that what we do in ordinary sentencing applies to habeas and the person should be there unless there are reasons to the contrary? Why isn't that the appropriate starting point? And the one until these couple of recent cases that don't really touch on this has always been the rule. Why shouldn't that be? And let the district court explain to us why in this case it isn't necessary to do what is normally necessary and not that big a deal. Your Honor, I understand that there could be policy considerations why it would make sense to have that be an ordinary rule. But the statute 2255 expressly- But the statute was never interpreted that way until these couple of recent cases- Which bind us. You're conceding, it seems to me, that the district court had the discretion to do a de novo resentencing. Right. For purposes of this appeal, we're not challenging that the district court had the discretion to hold a de novo. But then this is why, again, I get back to this sort of conundrum, that if the district court had the discretion to not say, I'm just going to go on the fact that these aren't interconnected. Right. Could have done that. Could have said it doesn't come back. Not necessarily agreeing with Judge Calabresi's suggestion that there's a presumption that it should have a new sentencing. But I guess I'm still puzzled as to where you would get the idea that having decided that it's relevant to this case, that the arguments made by the defendant are strong enough to warrant some revisitation of the sentence on grounds of rehabilitation. How can it not be an abuse of discretion not to take account of all of the evidence? And indeed, to rely on precisely demeanor evidence from 12 years ago to limit the conclusion as to how much rehabilitation there was. I just don't understand how you can defend that. Well, I don't know that Judge Block relied on the demeanor information from 12 years ago. Well, he said that Judge Gleason said this guy is irremediable. And actually, he didn't agree with that because he said he has sort of rehabilitated a little bit. I just don't get it. Right. He does include that in a sort of recitation of the facts. I think the government could have but did not appeal and say there's no jurisdiction under 2255 to revisit count one. Obviously, the defense doesn't challenge that there is authority under 2255 to revisit count one. So the only question is whether the statute, 2255, obligates the district court to have a hearing. And since the court could have very well as the- Well, okay. Are you just saying that because- We're going back. Yeah, we're going back. I feel like this round is pretty well covered. I appreciate your arguments and- Thank you, Your Honor. Thank you. Greg. Thank you. I will be quick. Once Judge Block decided to have a resentencing, and I think we all agree, including the government, that there was a resentencing, he had to follow the rules of resentencing. He did not, and therefore, it needs to be vacated and remanded back to Judge Block. As to whether or not this was intertwined or interconnected, Judge Block obviously thought so because he reduced the sentence by two years. Tellyer and Kosser, the cases cited by the government, are both what I would call doesn't matter cases. Judge Nathan said it didn't matter because it was strictly ministerial, because it had no effect on the aggregate sentence. And the same thing with Kosser. In Kosser, this court decided- I thought the reasoning there was not that it had no effect on the aggregate sentence. The case is that it had no effect on the guidelines calculation, but didn't preclude the possibility that it might have affected the aggregate sentence based on a renewed 3553 analysis. But that wasn't enough to warrant resentencing. Am I misremembering that? I think you may be. It certainly doesn't occur with my understanding of the case, but I could be wrong. But what I will say is this, that it's been 20 years since Booker and FanFat, almost. Guidelines are just one factor. They are advisory, and they are not to be presumed reasonable. You have to look at all of the factors, and you have to make an individualized assessment. And nothing in 2255 gets rid of all of the sentencing law and all of the sentencing rules because it says you have a choice between four options. If you choose the option of resentencing, it is a true option. Your Honor, I agree with you that there should be a presumption that the person should be there, and it should be from ground zero. And then if you find a limitation, you can apply it. In this case, I would suggest to you that the limitation is, does it matter, right? If for whatever reason, legally or factually, it really doesn't matter, then there are a lot of 2255 cases. And the court can say, since it doesn't matter, there's not going to be a resentencing de novo. But when a situation like this, or some future situation where it matters, and there is no legal or factual impediment to a full de novo resentencing, that is where the limitation should be. And that's actually what this court says in Cazur. When they refused to take it up, they said it was because there was a reasonable certainty that it wouldn't matter. And I suggest to you that that is the exact same rule that should apply to a district court decision under 2255. Thank you very much. Appreciate it. I want to thank everybody for hanging in there for a long day. And I especially want to thank Deputy Beard, because I realize you've been on the clock and working hard this whole time. So we appreciate it. And with that, we'll take it under advisement. And you can call the meeting. Court is adjourned. Thank you.